CASE No. 965.

## CRENSHAW v. THACKSTON.

1. A mortgaged his land to B, to secure a debt. A afterwards sold a part of this land to C, who agreed to pay the mortgage debt, and reserved enough of the purchase money for that purpose. C sold to D, who made no promise to pay this debt, but had knowledge of the mortgage and also of the agreement between A and C. B being about to foreclose the mortgage, D paid it off, taking an assignment, and then assigned it to E. *Held*, that A was a necessary party to an action brought by E to foreclose this mortgage.

2. The land in the possession of D is primarily liable for the payment of the debt.

Before PRESSLEY, J., Pickens, October, 1879.

Action by S. D. Crenshaw against John S. Thackston and N. T. Wilson, commenced in August or September, 1879. The mortgage bears date February 8, 1876, and was given to secure the payment of a sealed note for $346.55, with ten per cent. interest, due January 1st, 1877. Sometime during the year 1876, Thackston sold to M. W. Ford one hundred acres of this land, for about $1400, of which Ford retained $378.25, to pay off the mortgage debt, under agreement to do so, and paid the balance, about $1000, in cash. In January, 1877, Ford sold to N. T. Wilson for $1000. The witnesses agree that Wilson did not agree to pay the mortgage debt, or to pay more than $1000 for the land. N. T. Wilson paid the debt and took an assignment of the mortgage, December 1st, 1877, and assigned the same to plaintiff, in trust for R. T. Wilson & Co., August 18th, 1879.

All other facts, and the findings of disputed facts, are stated in the Circuit decree, which is as follows:

In this case, plaintiff seeks the foreclosure of a mortgage held by him as assignee of N. T. Wilson. The defendant Thackston was the owner of two hundred and sixteen acres of land, which he mortgaged to R. Lenhardt, to secure payment of a note of $346.55. Subsequently, he sold one hundred acres of said land to M. W. Ford, who retained enough of the purchase money to pay the mortgage, and signed an agreement to pay the same. Afterwards, being in failing circumstances, he conveyed the land to defendant N. T. Wilson, in payment of a debt due to R. T. Wilson & Co. The weight of testimony leads me to the conclusion that N. T. Wilson then knew of the said mortgage, and that Ford was to pay it. He admits, in his own testimony, that at the time of this purchase, Ford told him that he owed that much on the purchase of the land from defendant Thackston, and this was sufficient notice to put him upon further inquiry in the matter. Subsequently, the two hundred and sixteen acres were advertised for sale by Lenhardt, to foreclose his mortgage, and Wilson, to prevent the sale, paid

the mortgage debt and took an assignment of the same, which he thereafter assigned to the plaintiff, in trust for R. T. Wilson & Co. On this state of facts, I decide that Ford's agreement with Thackston made the hundred acres, then sold to Ford, first liable for the said mortgage debt, and that by reason of sufficient notice, it remained so liable in the hands of Wilson. Plaintiff, as his assignee, is bound by the equities between him and Thackston, and they discharged the land of the latter from the lien of said mortgage when Wilson became the owner thereof, with liability to pay it out of his own land.

It is therefore ordered and adjudged that, as to the defendant Thackston, the complaint be dismissed, with costs.

If plaintiff desires to press his case against the land of Wilson, leave is hereby granted him to move, in term time or at chambers, for a decree of foreclosure and order of sale in that respect.

The plaintiff and the defendant Wilson excepted to this decree and appealed to the Supreme Court, upon the following grounds:

1. Plaintiff and defendant Wilson except to so much of said decree as holds that the defendant Wilson's knowledge that Ford owed $346.55 to Thackston, as a part of the purchase money, was sufficient notice to put him upon further inquiry in this matter; this plaintiff and defendant Wilson taking the position that the agreement between Ford and Thackston was a mere personal covenant between them, and not a covenant running with the land, there being no mention made in the deed from Thackston to Ford of the same.

2. Plaintiff and defendant Wilson except to said decree upon the further ground that, even if Wilson had knowledge, at the time of his purchase of the one hundred acres of the land, there was an agreement between Thackston and Ford that the latter was to pay the Lenhardt mortgage, it was a mere personal confidence reposed in Ford by Thackston, and Ford says was not assumed in any manner by Wilson, who paid to Ford $1000 for the land, alleged by all parties to have been the full value of the same.

3. Plaintiff and defendant Wilson further except to said decree upon the further ground that, if Wilson knew of the agreement between Thackston and Ford that Ford was to pay off the Lenhardt mortgage, but did not assume or agree to assume the same himself—and the testimony shows that he did not assume or agree to assume the said debt—then his afterwards becoming the owner of the mortgage on the two hundred and sixteen acres does not make his one hundred acres first liable to the payment of said mortgage debt, the deed from Ford to Wilson containing the covenant of warranty, which embraces all the five English covenants, the covenant of warranty was itself a covenant to pay the encumbrance, and consequently, Wilson or his one hundred acres of land is not first liable for the mortgage debt. The court, in *Evans* v. *McLucas,* 12 *S. C.* 56, say that "a parol contract in addition to this formal one would have been senseless and useless."

4. Plaintiff and defendant Wilson further except to said decree upon the ground that he, the plaintiff, being the assignee of the Lenhardt note and mortgage, stands in the shoes of Lenhardt, and is entitled to have all the land to stand as a security for his mortgage debt, and it was error in the Circuit judge to dismiss the complaint as to the defendant Thackston.

5. Plaintiff and defendant Wilson except further to said decree upon the ground that Thackston, by the terms of the note and mortgage now sued on, was liable to pay off the same; that he claims that Ford assumed this liability by special agreement; that Ford has not paid the same; that Wilson never promised to pay the said debt; has received no consideration from which the law would imply a promise or agreement to pay, and consequently, Thackston's one hundred and sixteen acres of land are first liable for the mortgage debt.

6. Because the decree is in other respects contrary to law.

*Messrs. Cothran & Ansel,* for appellants.

*Mr. T. H. Cooke,* contra.

January 10th, 1881. The opinion of the court was delivered by

SIMPSON, C. J.   The appeal in this case is from the decree of Judge Pressley above, and in this decree will be found a statement of all the facts material to the questions presented for our consideration.

We concur with the presiding judge as to the result, except so far as he dismissed the complaint as to the respondent, Thackston, with costs.   If the appellant is a *bona fide* holder and owner of the mortgage debt, we think that Thackston was a proper party to these proceedings, and the appellant is entitled to hold him responsible until his note is satisfied out of some portion of the lands covered by the mortgage.   The presiding judge may have believed that the assignment of the note and mortgage by Wilson to the appellant was pretensive and fraudulent, but he does not say so, and does not give that as his reason for dismissing the complaint as to Thackston, and we can find no sufficient warrant for this portion of his decree.

The basis of appellant's action is the note of Thackston and the mortgage which he executed, and in a suit on that note and for the foreclosure of this mortgage he, Thackston, was a necessary party, whatever may be the equities between him and the other defendant.   But, as already stated, we concur with Judge Pressley in holding that portion of the mortgaged premises in the possession of the appellant, Wilson, primarily liable for this debt as between Wilson and Thackston.

In the case of *Marsh* v. *Pike,* 10 *Paige* 596, Marsh had mortgaged certain real estate in New York to Pike.   Marsh afterwards conveyed the premises to another party, deducting the amount of the mortgage from the purchase money ; the purchaser agreeing to pay off and discharge the mortgage.

Some time after this the grantee of Marsh conveyed to a third party, who also agreed with his grantor to pay off and satisfy the mortgage.

The court held that the effect of these several conveyances and agreements was, in equity, to place Marsh as a surety for the payment of the bond and mortgage, and to make the two purchasers the principal debtors—the first being primarily and the latter secondarily liable to him for the payment of the debt— and while he, Marsh, could not compel the mortgagee to pro-

ceed for foreclosure against the subsequent purchasers in possession, yet, by having the mortgage assigned to him, he would be subrogated to the rights of the mortgagee and could proceed himself against the land. This case, in its facts, is nearly on all fours with the case now under consideration. The only difference is that the record does not show that Wilson, when he purchased from Ford, agreed to satisfy the mortgage debt. He had knowledge, however, of this statement of Ford, and he knew that Ford, when he conveyed to him, Wilson, was in failing circumstances, and these facts will be found sufficient, we think, to bring Wilson under the operation of the doctrine announced in *Marsh* v. *Pike,* in accordance with the fundamental and well-established principles of equity—principles that commend themselves to every lover of justice and fair dealing between man and man.

Thackston sold his land to Ford; leaving in the hands of Ford enough of the purchase money to pay off the mortgage, which Ford solemnly agreed in writing to discharge. Ford, on approaching insolvency, sold to Wilson for the precise sum which Ford had paid *in cash* to Thackston—$1000—Wilson being fully informed of the mortgage and the agreement of Ford. Wilson then paid off the mortgage and had it assigned to himself, and instead of instituting proceedings thereon in his own name, as assignee, assigned it to the present appellant, who has brought the action.

All this may have been fair and *bona fide,* but it has the appearance of an arrangement to defeat Thackston of his just rights. Whether this be so or not, abstract justice is with him, and it is gratifying to know that there are well-established principles of equity which will protect him.

In the case of *Massey* v. *McIlvaine et al.,* 2 *Hill's Ch.* 322, the high, equitable doctrine that where one purchases property subject to the equity of another, with notice of this equity, he is bound by it, and holds the property subject to the equitable rights of the other, was recognized and enforced. The rule in equity, as was said in that case, being, that an agreement in writing to convey land in consideration of an adequate price will, in equity, bind the estate and prevail against any subsequent lien;

and, as was done in that case, will follow the land into the hands of any subsequent purchaser, with knowledge of the equity growing out of the agreement. In that case this doctrine was fully discussed by Chancellor Johnson, who delivered the opinion of the court, sustaining it by various authorities. And many other cases might be referred to, but the general principle is familiar, and has been long established.

Now, in the case before this court, there can be no doubt that had Lenhardt, the original mortgagee, instituted proceedings to foreclose this mortgage against Thackston and Ford before Ford conveyed to Wilson, Thackston's equity arising under the agreement by Ford to pay off the mortgage and the bond which he had retained as part of the purchase money to pay would have entitled Thackston to claim that the mortgage of Lenhardt should be primarily foreclosed on that portion of the land which he had conveyed to Ford. And under the code, (Section 298,) which authorizes the court to adjust the rights between defendants, as well as enforce those of the plaintiff, the court would not have hesitated to afford him that relief.

Such being the fact, and Wilson, according to the finding of Judge Pressley, having bought, not only with a knowledge of the mortgage, but also of the express agreement of Ford, will not the equity of Thackston, as held in the cases referred to above, follow the land into the possession of Wilson? We think so, and it is so adjudged.

The decree of Judge Pressley is affirmed except as to the dismissal of the complaint as to Thackston, with costs. The mortgage should be foreclosed on the land in possession of Wilson first, and if that should fail to satisfy the debt, then the remainder should be paid from the land covered by the mortgage in the possession of Thackston, and the case is remanded for this purpose, should the plaintiff desire to proceed further.

McIVER and McGOWAN, A. J.'s, concurred.